## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

DEAN C. BOYD                                                    PLAINTIFF

v.                                                    No. 4:21CV159-GHD-DAS

SILVIA SUTTON, ET AL.                                          DEFENDANTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Dean C. Boyd, who

challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison

Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The

plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action

against "[e]very person" who under color of state authority causes the "deprivation of any rights,

privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff

alleges that the defendants denied him adequate medical care and assaulted him during his stay at a

medical facility. Defendant Misty Hughes and Dr. John C. Herzog have moved [50], [75] to dismiss

or, in the alternative, for summary judgment. The plaintiff has responded to the motions, and the

matter is ripe for resolution. For the reasons set forth below, the defendants' motions [50], [75] for

summary judgment will be granted, and judgment will be entered in favor of defendants Dr. Herzog,

Nurse Hughes, Silvia Sutton, C.N.A. Bell, and Captain Campbell.[1] The plaintiff's claims against

---

[1] Though only defendants Hughes and Herzog have sought summary judgment, defendants
Sutton, Bell, and Campbell are similarly situated and benefit from Hughes' and Herzog's
defenses. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (Where a defending party shows
that a plaintiff has no cause of action, the defense also benefits an unserved or defaulting
defendant.)

defendant Charles Thomas will also be dismissed, except for those arising out of the transport of the plaintiff by van from the hospital to the Mississippi State Penitentiary.

### Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).

Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986);

*Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

      The facts are reviewed drawing all reasonable inferences in favor of the non-moving party.

*Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*,

177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198

(5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both

parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075

(5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of

proof, the court does not "assume that the nonmoving party could or would prove the necessary facts."

*Little*, 37 F.3d at 1075 (emphasis omitted).

      The very purpose of summary judgment is to "pierce the pleadings and assess the proof in

order to see whether there is a genuine issue for trial." Advisory Committee Note to the 1963

Amendments to Rule 56. Indeed, "[t]he amendment is not intended to derogate from the solemnity of

the pleadings[;] [r]ather, it recognizes that despite the best efforts of counsel to make his pleadings

accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id.* The

non-moving party (the plaintiff in this case), must come forward with proof to support each element of

his claim. The plaintiff cannot meet this burden with "some metaphysical doubt as to the material

facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348,

1356 (1986), "conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73,

110 S.Ct. 3177, 3180 (1990), "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir.

1994), or by a mere "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994).

It would undermine the purposes of summary judgment if a party could defeat such a motion simply

by "replac[ing] conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990).

In considering a motion for summary judgment, a court must determine whether the non-moving party's allegations are *plausible. Matsushita, supra.* (emphasis added). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) (discussing plausibility of claim as a requirement to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Once the court "has determined the relevant set of facts and drawn all inferences in favor of the nonmoving party *to the extent supportable by the record*, [the ultimate decision becomes] purely a question of law." *Scott v. Harris*, 550 U.S. 372, 381 (2007) (emphasis in original). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on the motion for summary judgment." *Id.* at 380.

### Undisputed Material Facts[2]

Mr. Boyd, a Mississippi state inmate, underwent neck surgery on February 10, 2020, and was admitted to Merritt Health Group Hospital in Jackson, Mississippi until February 14, 2020. Doc. 1-2. He was then transported to Allegiance Specialty Hospital of Greenville, a Long-Term Acute Care

---

[2] The court has derived most of the facts in this section from the plaintiff's allegations, which, for the purpose of the instant motion for summary judgment only, the court will assume to be true. However, the court notes that the plaintiff clearly mistook defendant Nurse Misty Hughes for "Case Manager Allison," who no longer works at the hospital. This case of mistaken identity does not, however, affect the outcome of this case.

Facility ("ASH") in Greenville, Mississippi.[3] *Id.* ASH employed Advert Security Contractor

("Advert Security") (a private company) to provide security personnel for the hospital.

John C. Herzog, M.D. ("Dr. Herzog"), is a cardiologist whose private practice is in Greenville,

Mississippi; he has privileges at ASH. Boyd alleges that Dr. Herzog failed to protect him from the

attack of Lt. Sutton and others because Boyd was "under [Herzog's] care" at the facility it was his

responsibility "to protect [Boyd's] welfare." Doc. 13 at 4.

Upon Boyd's arrival at ASH, Lt. Silvia Sutton, a guard at the hospital employed by Advert

Security, began verbally harassing him, stating, "This is my hospital. I run it. Do you hear what I'm

saying nigga?" Boyd responded, "Yes, ma'am, I hear you," then closed his eyes and fell asleep due to

fatigue from his surgery. Sutton then flew into a rage. She ordered the Advert guard out of the room,

then and assaulted Boyd by twisting his iron shackles, which bound him to the hospital bed. Boyd is a

quadriplegic, other than his right arm. Sutton continued to harass and assault Boyd over the next

seventeen days by: (1) beating him in the face with his bed covers; (2) ripping his neck brace off (thus

tearing the surgical site incision – and causing a staph infection); and (3) trying to cover Boyd's face

with a bleach-soaked towel.

According to Mr. Boyd, Registered Nurse Misty Hughes (an employee of ASH) also assaulted

him, screaming, "If you don't get your ass out that bed I will drag you out of it;" then dragged him out

of his hospital bed by his neck brace. However, at the time relevant to the instant complaint, Misty

Hughes was a registered/charge nurse, not a case manager as Boyd has alleged. *See* Affidavit of

Misty Hughes, Exhibit 1. In her capacity as a nurse, Ms. Hughes did not treat or interact with Dean

---

[3] Mr. Boyd mistakenly alleged that he was treated at "Leland Miss. Medical Clinic 'Alliance' Supported by Delta Regional Medical Center." Doc 1, p. 4, para. A. However, during the dates he has alleged, he was treated at ASH, a private hospital.

Boyd. *Id.* Ms. Hughes was not a case manager at the time of Mr. Boyd's admission to ASH. *See* Exh. 1. Ms. Hughes was a charge nurse, primarily supervising and assisting other nurses with nursing procedures, rather than providing routine patient care. *Id.* She has personally reviewed Mr. Boyd's records and confirmed that she was never involved in his treatment or care. *Id.* She was not involved in Mr. Boyd's discharge process or any transfer of custody of Mr. Boyd from Allegiance Specialty Hospital to the Mississippi Department of Corrections. *Id.* Boyd originally identified Misty Hughes as "Case Manager Allison." Though ASH has no current employee by that name, the hospital did employ a Case Manager named Allison at the time of Boyd's admission; she moved to Louisiana about two years ago. *Id.* This appears to be a case of mistaken identity.

C.N.A. Veronica Bell (an employee of ASH) helped Case Manager Allison drag Boyd out of his bed by his neck brace.

Charles Thomas (employed by the Mississippi Department of Corrections) did not stop Case Manager Allison from dragging Boyd out of his bed. Thomas then secured Boyd to the wheelchair with a bedsheet and wheeled him to the prison van for transport. He ordered two inmates to carry Boyd into the van and secure him there with seatbelts. When that did not work, Thomas ordered the inmates to sit on the seat with Boyd and hold him so he would not slide off the seat during transport. Boyd was then transported – secured to his place in the van seat with seatbelts – and being held by two of his fellow inmates.

Captain Campbell (an employee of Advert Security) threatened security contractor staff with termination if they told others about Lt. Sutton's harassment and abuse of Boyd.

### No Alleged Motive

Thus, according to Mr. Boyd, the various defendants, without provocation, either attacked him, helped with the attacks, failed to intervene, or covered them up. The plaintiff has offered no

- 6 -

motive at all for the wide array of defendants to coordinate their efforts to harass, harm, and torture him.

### Neither Dr. Herzog, ASH Employees (Sutton, Hughes, and Bell) nor Advert Employees (Campbell) are State Actors

Relief under 42 U.S.C. § 1983 is only available to preserve a plaintiff's federal constitutional or statutory rights against a defendant acting *under color of state law*. *See* 42 U.S.C. § 1983. Thus, a § 1983 plaintiff may only pursue his civil rights claims against someone who is a state actor. ASH is a private hospital which serves the general public; its employees are not state actors. Hence, neither Silvia Sutton, Nurse Misty Hughes, nor C.N.A. Bell (all employees of ASH) are state actors.

Similarly, Advert Security Contractor is a private company that provided security to the private hospital; thus, Advert's employees, such as Captain Campbell, are not state actors. Dr. Herzog is in the private practice of medicine; certainly he is not a state actor. *See Albright v. Longview Police Dep't*, 884 F.2d 835, 841 (5th Cir. 1989) (mere contractual link between county and corporation insufficient to find corporation to be a state actor). As defendants Sutton, Hughes, Bell, Campbell, and Herzog are not state actors, the plaintiff has not stated a valid § 1983 complaint against them, and they must be dismissed with prejudice from this case.

### Charles Thomas Not Liable for Actions in the Hospital

The only defendant who could be a state actor is Charles Thomas (who appears to work for MDOC). Some of Thomas' relevant actions took place in the hospital. According to the plaintiff, Thomas did not intervene when Misty Hughes allegedly attacked him; however, as an employee of MDOC, he did not have authority over Ms. Hughes. Doc. 1-2 at 12. In addition, the plaintiff alleges that Thomas used a sheet to tie the plaintiff's waist to a wheelchair so that he would not slide out when moving him to the transport van. This act did not cause Boyd any harm. These acts or omissions by Thomas thus do not state a claim under § 1983 and must be dismissed.

**Allegation Against Thomas Which States a Claim Under 42 U.S.C. § 1983**

One allegation against Charles Thomas may state a valid claim under 42 U.S.C. § 1983. The act in question is Thomas' decision to have inmates tie Boyd to the van seat and sit next to him to hold him up during the van ride to the Mississippi State Penitentiary. In this case, the plaintiff has alleged that Charles Thomas ordered two inmates to carry him to the prison transport van, tie him to his seat with seatbelts, then sit next to him and hold him up during the nearly three-hour ride back to the Mississippi State Penitentiary. Thomas alleges that these actions caused him pain during the trip back to the Mississippi State Penitentiary. This claim will go forward.

**Conclusion**

For the reasons set forth above, the motions for summary judgment by defendants Dr. Herzog and Misty Hughes will be granted, and judgment will be entered in favor of defendants Dr. Herzog, Nurse Hughes, Captain Campbell, C.N.A. Bell, and Silvia Sutton in all respects. In addition, all of the plaintiff's claims against defendant Charles Thomas will be dismissed for failure to state a claim upon which relief could be granted – except the claims arising out of transport of the plaintiff by van from the hospital to the Mississippi State Penitentiary.

**SO ORDERED**, this, the 26ᵗʰ day of July, 2022.

_____
SENIOR UNITED STATES DISTRICT JUDGE